UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ADAM A. LOCKE,

        Plaintiff,

    v.                                      Case No. 18-C-1454

JANE DOE,
JOHN DOE,
CORRECTIONAL HEALTHCARE COMPANIES, and
SHERIFF DALE J. SCHMIDT,

        Defendants.

## SCREENING ORDER

Plaintiff Adam A. Locke, who is currently in custody in the Kenosha County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated when he was previously in custody in the Dodge County Jail. This matter comes before the court on Locke's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

The plaintiff is required to pay the $400.00 filing fee for this action, which includes the $350.00 statutory filing fee and a $50.00 administrative fee. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed without prepayment of the full filing fee. In that case, the prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 statutory filing fee but not the $50.00 administrative fee. *See* 28 U.S.C. § 1915(b)(1). The plaintiff has filed a certified copy of his prison trust account

statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed an initial partial filing fee of $1.67. Despite being assessed a $1.67 initial partial filing fee, the plaintiff has paid an initial partial filing fee of $5.00, which will be reflected in his filing fee balance. The plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

2

**ALLEGATIONS OF THE COMPLAINT**

Locke alleges in his complaint that on or about June 27, 2016, he was injured in a motor vehicle accident involving a prison transportation company. He alleges that a doctor diagnosed him as having suffered whiplash, which resulted in severe neck and back injuries, including dislocation of a disc in his lower neck. As treatment for his injuries, Locke was placed on physical restrictions, was issued a foam roller and back brace, and underwent physical therapy.

On or about September 23, 2016, Locke was transferred to the Dodge County Jail, formally known as the Dodge County Detention Facility (DCDF). Locke alleges that, upon arrival at DCDF, he immediately submitted a medical request for treatment of his neck and back injuries. He continued to submit medical requests to the DCDF Health Service Unit for three weeks, all of which went unanswered. Locke estimates the number of requests he submitted to be around ten. Locke also filed an inmate grievance with the Dodge County Sheriff's Office, which he claims was ignored. In these requests, Locke complained of persisting neck and back pain, inability to sleep, and loss of appetite.

Locke alleges that John and Jane Doe were nurses employed by Correctional Healthcare Companies (CHC), which contracts with DCDF to provide medical care for inmates. Locke claims that John and Jane Doe and by extension CHC had notice of and access to his medical requests, and that they reviewed and disregarded the requests. Locke also alleges that the Doe nurses' decision to ignore his requests contravened CHC policy.

Locke alleges that DCDF medical policy requires that, upon entry into the jail, inmates be informed of the process by which they can receive medical care. Policy further requires that nurses

3

or physicians determine the necessary course of action to take in response to medical requests, and that jail officers and supervisors not participate in evaluating such requests. Locke acknowledged his receipt of the DCDF rules, including the rules regarding how to request medical care, when he entered DCDF. Locke alleges that Sheriff Dale J. Schmidt failed to ensure that the contract between DCDF and CHC was performed in accordance with state and federal law.

Around mid-October 2016, Locke was transferred from DCDF to Leavenworth Federal Prison. At Leavenworth, Locke was given an x-ray, which revealed that Locke's lower neck was damaged. Further examination revealed that Locke suffered from torn muscle and scar tissue. After this examination, Locke was given pain medication and placed on a physical therapy list, and he was advised by several doctors of the option to undergo surgery for his neck injuries.

### THE COURT'S ANALYSIS

The Eighth Amendment prohibits the infliction of cruel and unusual punishment as a sentence for a crime. U.S. Const. amend. VIII. The Eighth Amendment protects an inmate from a governmental actor's deliberate indifference to his basic needs, including an inmate's medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976) (holding that deliberate indifference to serious medical needs constitutes cruel and unusual punishment in violation of Eighth Amendment). Although it appears from his complaint that Locke was serving a sentence, as opposed to simply being held in custody awaiting trial, at the time of the alleged violations, it makes no practical difference at this stage of the proceedings. This is because under the Due Process Clause of the Fourteenth Amendment, "pretrial detainees are entitled to at least as much protection as the constitution provides convicted prisoners." *Board v. Farnham*, 394 F.3d 469, 477 (7th Cir. 2005).

Locke has stated a claim for deliberate indifference to a serious medical need against unknown employees of CHC and the DCDF. To state a claim for deliberate indifference to a serious medical need, a plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). The plaintiff must allege that the official was subjectively indifferent. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). Locke has sufficiently alleged a serious medical need—the dislocation of a disc in his lower neck, torn muscle and scar tissue, and persisting neck and back pain. Locke has also alleged that John and Jane Doe were deliberately indifferent toward his medical needs. An inference of such indifference arises from the allegations that nurses employed by CHC and officers or employees of DCDF received his repeated requests for medical treatment after Locke was transferred to DCDF and did nothing. And even though John and Jane Doe are employees of CHC, as opposed to the state, they can still be found liable under § 1983. *See West v. Adkins*, 487 U.S. 42, 51–52 (1988) (holding that a health care professional who provided medical services to state prisoners under contract with state acted under color of state law within meaning of § 1983). Therefore, Locke may proceed on his claims of deliberate indifference to his serious medical need against these unknown defendants.

Locke has also named CHC and Dodge County Sheriff Dale J. Schmidt as defendants. He has failed to allege facts upon which either could be found liable, however. Under the common law doctrine of *respondeat superior*, an employer is generally liable for the wrongs committed by an employee acting within the scope of his employment. Restatement (3d) of Agency § 2.04 (2006). But the doctrine of *respondeat superior* does not apply to cases brought under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 663 (1978). This is true even as to employees of private

5

corporations who are state actors under § 1983. *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014). And although both CHC and the Sheriff could be liable for the alleged violations of Locke's constitutional rights if the violations were the result of policies they enacted, the complaint fails to allege the existence of any such policy. To the contrary, it alleges that the policies were not followed by the unknown nurses and DCDF officers or employees who received his requests for treatment, yet did nothing. It thus follows that Locke's claims as to CHC and the Sheriff must be dismissed.

But both CHC and Sheriff Schmidt will nevertheless remain in the case for now so that Locke has an opportunity to identify the unknown CHC nurses and DCDF officers or employees who ignored his requests for medical treatment. In *Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555–56 (7th Cir. 1996), the Court held that the district court abused its discretion in dismissing a colorable claim without assisting the pro se inmate plaintiff in identifying the responsible correctional officer defendants. In so ruling, the court held that "[a] plaintiff's failure to explicitly name a John or Jane Doe defendant in the caption of the complaint does not relieve the district court of its responsibility to assist the pro se plaintiff who confronts barriers to identifying the appropriate defendants." *Id.* at 556. Among the ways the court suggested a district court could assist such a plaintiff are "by ordering the named defendants to disclose the identities of unnamed officials involved [and] by allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible." *Id.*

In light of the court's holding and suggestions in *Donald*, both CHC and Sheriff Schmidt will remain in the case and are directed to furnish Plaintiff with names and job titles of those individual officers and employees who received Plaintiff's requests for medical care and treatment during the

period he was confined in the DCDF from on or about September 23, 2016 to mid-October 2016. Any documentation related to such requests for medical care and treatment, such as HSU requests and responses thereto, and grievances filed with the DCDF, must also be furnished with copies filed with the court within thirty days of service of the complaint and this order. Within thirty days thereafter, Plaintiff must file an amended complaint specifically naming the individual defendants he claims violated his constitutional rights. Plaintiff is hereby advised that an amended complaint must be complete in itself. In other words, it "must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Civil L. R. 15(a).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Dodge County Sheriff Dale J. Schmidt and the registered agent for Correctional Healthcare Companies, Inc., pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that Correctional Healthcare Companies and Sheriff Schmidt furnish Plaintiff with names and job titles of those individual officers and employees who received Plaintiff's requests for medical care and treatment during the period he was confined in the DCDF

7

from on or about September 23, 2016 to mid-October 2016. Any documentation related to such requests for medical care and treatment, such as HSU requests and responses thereto, and grievances filed with the DCDF, must also be furnished with copies filed with the court within thirty days of service of the complaint and this order.

**IT IS FURTHER ORDERED** that within thirty days after Correctional Healthcare Companies and Sheriff Schmidt identify the individual officers and employees who received Plaintiff's requests for health care and treatment while in custody at the Dodge County Detention Facility, along with relevant documentation, Plaintiff shall file an amended complaint specifically naming the individual defendants he claims violated his constitutional rights. Plaintiff is hereby advised that an amended complaint must be complete in itself. In other words, it "must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Civil L.R. 15(a). the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $345.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined. Copies shall also be sent to the Corporation Counsel for Dodge County and the Administrator of the Dodge County Detention Facility.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this  22nd  day of October, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court